IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 20-31973 (MI) |
| | § | |
| CARBO CERAMICS INC., *et al.*, | § | (Chapter 11) |
| | § | |
| | § | (Joint Administration Requested) |
| Debtors.[1] | § | (Emergency Hearing Requested) |

EMERGENCY MOTION
FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE DEBTORS TO
(A) FILE A CONSOLIDATED CREDITOR MATRIX AND
(B) FILE A CONSOLIDATED LIST OF THE 30 LARGEST
UNSECURED CREDITORS, (II) MODIFYING THE REQUIREMENT
TO FILE A LIST OF EQUITY SECURITY HOLDERS, (III) AUTHORIZING
THE DEBTORS TO REDACT CERTAIN PERSONAL IDENTIFICATION
INFORMATION, AND (IV) APPROVING THE DEBTORS' NOTICE OF
COMMENCEMENT OF THESE CHAPTER 11 CASES AND OTHER INFORMATION

> **EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON MARCH 30, 2020, AT 2:30 P.M. IN COURTROOM 404, 4TH FLOOR, 515 RUSK STREET, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **RELIEF IS REQUESTED NOT LATER THAN MARCH 30, 2020.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

The above-referenced debtors and debtors in possession (collectively, the "***Debtors***"), file

this *Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) File a*

*Consolidated Creditor Matrix and (B) File a Consolidated List of the 30 Largest Unsecured*

*Creditors, (II) Modifying the Requirement to File a List of Equity Security Holders,*

---

[1]  The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: CARBO Ceramics Inc. (0013); StrataGen, Inc. (5205); and Asset Guard Products Inc. (6422).  The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is: 575 N. Dairy Ashford Road, Suite 300, Houston, Texas 77079.

1

*(III) Authorizing the Debtors to Redact Certain Personal Identification Information, and (IV) Approving the Debtors' Notice of Commencement of These Chapter 11 Cases and Other Information* (the "***Motion***") and in support respectfully submit the following:

## JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the Southern District of Texas (the "***Court***") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief requested herein are sections 105(a), 107(b), and 521 of title 11 of the United States Code (the "***Bankruptcy Code***"), rules 1007 and 6003 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and  rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "***Local Rules***").

## EMERGENCY CONSIDERATION

4.     The Debtors request emergency consideration of this Motion.  The Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and the success of these chapter 11 cases.  As discussed in detail below and in the First Day Declaration (as defined below), any delay in granting the relief requested could hinder the Debtors' operations and cause immediate and irreparable harm.  As such, the Debtors believe that emergency consideration is necessary and request that this Motion be heard at the Debtors' first day hearings.

## BACKGROUND

5.     CARBO Ceramics Inc. ("***CARBO***") and its Debtor and non-Debtor subsidiaries are a global technology company that provide products and services to the oil and gas, industrial, and environmental markets.  CARBO is known as a market leader for oilfield ceramic technology

US 6973326

products, base ceramic proppant, and frac sand proppant for use in the hydraulic fracturing of oil and natural gas wells.  Asset Guard Products Inc., a subsidiary of CARBO, offers products intended to protect operators' assets, minimize environmental risks, and lower lease operating expenses through spill prevention, containment, and countermeasure systems for the oil and gas industry.  StrataGen, Inc., a subsidiary of CARBO, offers fracture consulting and data services and provides a suite of stimulation software solutions used for designing fracture treatments and for on-site real-time analysis to assist E&P companies in the efficient completion of wells and enhancement of oil and natural gas production.

6.      On the date hereof (the "***Petition Date***"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, no request for the appointment of a trustee or examiner has been made and no official committee of unsecured creditors has been appointed in these chapter 11 cases.

7.      Additional information regarding the Debtors and these chapter 11 cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these chapter 11 cases, is set forth in the *Declaration of Ernesto Bautista III in Support of Chapter 11 Petitions and First Day Pleadings* (the "***First Day Declaration***"), filed contemporaneously herewith and incorporated herein by reference.[2]

## RELIEF REQUESTED

8.      By this Motion, the Debtors seek entry of an order (the "***Order***"), substantially in the form attached hereto as **<u>Exhibit A</u>**, (i) authorizing the Debtors to (a) file a consolidated creditor

---

[2]      Capitalized terms used but not otherwise defined in this Motion shall have the meaning set forth in the First Day Declaration.

US 6973326

matrix and (b) file a consolidated list of the 30 largest unsecured creditors; (ii) modifying the requirement to file a list of equity security holders; (iii) authorizing the Debtors to redact certain personal identification information; and (iv) approving the Debtors' notice of commencement of these chapter 11 cases and other information.

## BASIS FOR RELIEF REQUESTED

### A.    Consolidated Creditor Matrix

9.       Pursuant to Bankruptcy Rule 1007(a)(1), a debtor shall file "a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H . . ." FED. R. BANKR. P. 1007(a)(1).  While the list of creditors usually is filed on a debtor-by-debtor basis, in a complex chapter 11 bankruptcy case involving more than one debtor, debtors in this district may file a consolidated creditor matrix.  *See Procedures for Complex Chapter 11 Cases in the Southern District of Texas*.

10.      Because the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome, the Debtors respectfully request authority to file one consolidated list of creditors (the "***Creditor Matrix***") for all of the Debtors.

### B.    Consolidated List of 30 Largest General Unsecured Creditors

11.       Bankruptcy Rule 1007(d) requires a debtor to file "a list containing the name, address, and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders . . . ." FED. R. BANKR. P. 1007(d).  In this district, the lead debtor in a jointly administered complex chapter 11 case is required to file a single, consolidated list of creditors on Official Form B204 consisting of the 30 largest creditors of all jointly administered debtors.  *See Procedures for Complex Chapter 11 Cases in the Southern District of Texas*, ¶ 5(a).  Because a large number of creditors assert claims against multiple Debtors, the Debtors request authority, consistent with procedures in this district, to file a single, consolidated list of their 30 largest general unsecured

4

creditors (the "***Top 30 List***"), rather than filed separate top 20 creditor lists for each Debtor.  The Top 30 List will help alleviate administrative burdens, costs, and the possibility of duplicative service.  Although the Debtors reserve the right to do so in the future, in this Motion, the Debtors are not requesting authority to (a) file consolidated schedules of assets and liabilities and statements of financial affairs or (b) substantively consolidate the Debtors.

**C.      Modification of Requirements to File a List of, and to Provide Notice Directly to, Equity Security Holders Under Certain Circumstances of These Chapter 11 Cases**

12.      Pursuant to Bankruptcy Rule 1007(a)(3) a debtor must file, within 14 days after the petition date, a list of the debtor's equity security holders.  *See id*.  In turn, Bankruptcy Rule 2002(d) requires that equity security holders be provided notice of, among other things, the commencement of the bankruptcy case and the confirmation hearing.  *See* FED. R. BANKR. P. 2002(d).  Furthermore, bankruptcy courts have authority to modify or waive the requirements under both rules. *See* FED. R. BANKR. P. 1007(a)(3) ("[U]nless the court orders otherwise, the debtor shall file . . . a list of the debtor's equity security holders . . . ."); FED. R. BANKR. P. 2002(d) ("[U]nless the court orders otherwise, the clerk . . . shall in the manner and form directed by the court . . . give notice to all equity security holders . . . ."); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); FED. R. BANKR. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

13.      The Debtors submit that the requirements to provide notice directly to equity holders should be modified as to the Debtors because the Debtors are a publicly-traded company with approximate 29 million common shares outstanding.  Preparing and sending notices to each

individual equity security holder will be expensive and time consuming and will serve little or no beneficial purpose.

14.     In lieu of providing notice directly to equity holders of the Debtors, the Debtors propose to  (i) file an 8-K with the U.S. Securities and Exchange Commission notifying equity holders of the Debtors of the filing of these chapter 11 cases and providing a link to the website relating to the Debtors' chapter 11 cases set up by the Debtors' claims agent, and (ii) as soon as is practicable following the date hereof, cause the notices required under Bankruptcy Rule 2002(d) to be served on all identified Substantial Equity Holders, as defined in *Emergency Motion for Interim and Final Orders Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Stock* and all identified registered holders of the Debtors' common stock.  Under these circumstances, the Debtors respectfully request that the requirements to file a list of and to provide notice directly to the Debtors' equity security holders should be modified.

**D.     Redaction of Certain Confidential Information**

15.     Section 107(c)(1) of the Bankruptcy Code provides that the Court, "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . .: [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A).  The Debtors respectfully submit that cause exists to authorize the Debtors to redact address information of certain individual creditors—many of whom are the Debtors' employees—and interest holders, to the extent applicable, from the Creditor Matrix and the list of the debtor's equity security holders as required by Bankruptcy Rule 1007(a)(3) because such information could be used to perpetrate identity theft or cause other harm.  *See* FED. R. BANKR. P. 1007(a)(3).  The Debtors propose to provide an unredacted version of the Creditor

6

Matrix to the following parties upon their request:  (a) the Court, (b) the Office of the United States Trustee for the Southern District of Texas (the "*U.S. Trustee*"), and (d) to any official committee of unsecured creditors appointed in these chapter 11 cases.

**E.**     **Service of Notice of Commencement of These Chapter 11 Cases**

16.     Pursuant to Bankruptcy Rule 2002(a), "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: (1) the meeting of creditors under § 341 or § 1104(b) of the [Bankruptcy] Code . . . ." FED. R. BANKR. P. 2002(a).   Bankruptcy Rule 2002(f) provides that such notice of the order for relief shall be sent by mail to all creditors. *See* FED. R. BANKR. P. 2002(f).

17.     The Debtors, through Epiq Systems, Inc. their proposed claims and noticing agent, propose to serve the notice of commencement substantially in the form attached as Exhibit 1 to the Order (the "*Notice of Commencement*") to all parties entitled to notice of commencement of these chapter 11 cases, to advise them of the section 341 meeting of creditors. Service of the Notice of Commencement on the Consolidated Creditor Matrix will not only prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous Consolidated Creditor Matrix, but also preserve judicial resources and prevent creditor confusion through the efficient service of critical information.  Accordingly, the Debtors submit that service of a single Notice of Commencement is warranted and proper in these chapter 11 cases.

<u>**REQUEST FOR IMMEDIATE RELIEF**</u>

18.     Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." FED. R. BANKR. P. 6003. For the reasons discussed herein and in the First Day Declaration, authorizing the Debtors to (a) file a consolidated creditor matrix and (b) file a consolidated list of

7

the 30 largest unsecured creditors; (ii) modifying the requirement to file a list of equity security holders; (iii) authorizing the Debtors to redact certain personal identification information; and (iv) approving the Debtors' notice of commencement of these chapter 11 cases and other information, as well as granting the other relief requested herein, is critical to enabling the Debtors to effectively transition to operating as chapter 11 debtors and to preserve their business operations. Failure to receive such authorization and other relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations and significantly impact the Debtors' ability to reorganize swiftly and efficiently.  For the reasons discussed herein and in the First Day Declaration, the relief requested is necessary in order for the Debtors to operate their businesses in the ordinary course and preserve the ongoing value of the Debtors' operations and maximize the value of their estates for the benefit of all stakeholders.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

## **NOTICE**

19.    Notice of this Motion has been provided by delivery to:  (a) the Office of the United States Trustee for the Southern District of Texas; (b) the Debtors' 30 largest unsecured creditors (on a consolidated basis); (c) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002; (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) all other applicable government agencies to the extent required by the Bankruptcy Rules or the Local Rules; the (g) the Prepetition Secured Lenders; and (h) counsel to the Prepetition Secured Lenders.  In light of the nature of the relief requested in this Motion, the Debtors submit that no further notice is necessary.

8

US 6973326

## NO PRIOR REQUEST

28.     No prior motion for the relief requested herein has been made to this Court or any other court.

US 6973326

## **PRAYER**

The Debtors respectfully request that the Court enter the Order, substantially in the form

attached hereto as **Exhibit A**, and grant them such other and further relief to which the Debtors

may be justly entitled.

Dated: March 29, 2020
Houston, Texas                                    **VINSON & ELKINS LLP**

                                    By:   */s/ Paul E. Heath*
                                            Paul E. Heath (TX 09355050)
                                            Matthew W. Moran (TX 24002642)
                                            Garrick C. Smith (TX 24088435)
                                            Matthew D. Struble (TX 24102544)
                                            Trammell Crow Center
                                            2001 Ross Avenue, Suite 3900
                                            Dallas, TX 75201
                                            Tel:  214.220.7700
                                            Fax:  214.999.7787
                                            pheath@velaw.com; mmoran@velaw.com;
                                            gsmith@velaw.com; mstruble@velaw.com

                                            -and-

                                            David S. Meyer (*pro hac vice* pending)
                                            Michael A. Garza (*pro hac vice* pending)
                                            666 Fifth Avenue, 26th Floor
                                            New York, NY 10103-0040
                                            Tel:  212.237.0000
                                            Fax:  212.237.0100
                                            dmeyer@velaw.com; mgarza@velaw.com

                                            **PROPOSED ATTORNEYS FOR THE
                                            DEBTORS**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 29, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

_/s/ Garrick C. Smith_____
One of Counsel

US 6973326

## **EXHIBIT A**

**Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 20-31973 (MI) |
| | § | |
| CARBO CERAMICS INC., *et al.*, | § | (Chapter 11) |
| | § | |
| | § | (Joint Administration Requested) |
| Debtors.[1] | § | |

ORDER
(I) AUTHORIZING
THE DEBTORS TO (A) FILE A
CONSOLIDATED CREDITOR MATRIX
AND (B) FILE A CONSOLIDATED LIST
OF THE 30 LARGEST UNSECURED CREDITORS,
(II) MODIFYING THE REQUIREMENT TO FILE
A LIST OF EQUITY SECURITY HOLDERS, (III) AUTHORIZING
THE DEBTORS TO REDACT CERTAIN PERSONAL IDENTIFICATION
INFORMATION, AND (IV) APPROVING THE DEBTORS' NOTICE OF
COMMENCEMENT OF THESE CHAPTER 11 CASES AND OTHER INFORMATION

Upon the motion (the "*Motion*")[2] filed by the above-referenced debtors and debtors in possession (collectively, the "*Debtors*") for entry of an order (the "*Order*") (i) authorizing the Debtors to (a) file a consolidated creditor matrix and (b) file a consolidated list of the 30 largest unsecured creditors; (ii) modifying the requirement to file a list of equity security holders; (iii) authorizing the Debtors to redact certain personal identification information; and (iv) approving the Debtors' notice of commencement of these chapter 11 cases and other information., all as more fully set forth in the Motion and in the First Day Declaration; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that

---

[1]  The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: CARBO Ceramics Inc. (0013); StrataGen, Inc. (5205); and Asset Guard Products Inc. (6422).  The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is: 575 N. Dairy Ashford Road, Suite 300, Houston, Texas 77079.

[2]  Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

1

the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and other parties in interest; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1.      The Debtors are authorized to file a consolidated Creditor Matrix and file a Top 30 List for unsecured creditors.

2.      The Debtors are authorized to redact address information of certain individual creditors listed on the Creditor Matrix and the list of the Debtors' equity security holders; provided, that the Debtors shall provide an un-redacted version of the Creditor Matrix and list of the Debtors' equity security holders to the Court, the U.S. Trustee, and any official committee of unsecured creditors appointed in these chapter 11 cases.

3.      The Debtors shall file an 8-K with the U.S. Securities and Exchange Commission notifying equity holders of the Debtors of the filing of these chapter 11 cases and providing a link to the website relating to the Debtors' chapter 11 cases set up by the Debtors' claims and noticing agent.

4.      Any requirement that the Debtors provide notice directly to equity security holders under Bankruptcy Rule 2002(d) is modified so that as soon as is practicable following the date hereof, the Debtors shall cause the notices required under Bankruptcy Rule 2002(d) to be served

2

US 6973326

on all identified Substantial Equity Holders, as defined in *Emergency Motion for Interim and Final Orders Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Stock* and all identified registered holders of the Debtor's common stock.

5.      The Debtors are authorized to serve the Notice of Commencement, substantially in the form attached hereto as **<u>Exhibit 1</u>**, on all parties listed on the Creditor Matrix.  Service of the Notice of Commencement shall be deemed adequate and sufficient notice of: (a) the commencement of these chapter 11 cases and (b) the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code

6.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in this Order or the Motion is intended to be, nor should it be construed as (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) an impairment or waiver of the Debtors' or any other party in interest's rights to contest or dispute any such claim or lien, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any proposed order, or (e) a waiver of the Debtors' or any other party in interest's rights.

8.      This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: ___, 2020
Houston, Texas

_____
**UNITED STATES BANKRUPTCY JUDGE**

3

## **EXHIBIT 1**

**Notice of Commencement**

US 6973326

| Information to identify the case: | | |
|---|---|---|
| Debtor | CARBO Ceramics Inc. <br> Name | EIN   72 -1100013 |
| United States Bankruptcy Court for the: Southern ___ District of Texas (State) | | [Date case filed for chapter 11   03/29/2020 MM / DD / YYYY OR |
| Case number:   20-31973 | | [Date case filed in chapter _____ MM / DD / YYYY <br> Date case converted to chapter 11 _____] MM / DD / YYYY |

## Official Form 309F (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Case
**12/17**

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| | |
|---|---|
| 1. **Debtor's full name** <br> Please see attached Schedule 1. | |
| 2. **All other names used in the last 8 years** <br> Please see attached Schedule 1. | |
| 3. **Address** <br> 575 N. Dairy Ashford Road, Suite 300, Houston, Texas 77079 | |
| 4. **Debtor's attorney** <br> Name and address | Contact phone _____ <br> Email _____ |

VINSON & ELKINS LLP
Paul E. Heath (TX 09355050)
Garrick C. Smith (TX 24088435)
Matthew W. Moran (TX 24002642)
Matthew D. Struble (TX 24102544)
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel: 214.220.7700

pheath@velaw.com; mmoran@velaw.com;
gsmith@velaw.com; mstruble@velaw.com

- and -

David S. Meyer (pro hac vice pending)
Michael A. Garza (pro hac vice pending)
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7708
Tel: 212.237.0000

dmeyer@velaw.com; mgarza@velaw.com

Debtors' notice and claims agent (for court documents and case information inquiries):
Epiq Corporate Restructuring, LLC
777 Third Avenue, Twelfth Floor,
New York, New York, 10017
(866) 977-0978 (Toll Free U.S.)
+1(503) 520-4410 (International)

**For more information, see page 2 ▶**

| Debtor | CARBO Ceramics Inc. | Case number (if known) |
|---|---|---|
| | Name | |

---

**5. Bankruptcy clerk's office**

Documents in this case may be filed at this address.

You may inspect all records filed in this case at this office or online at www.pacer.gov.

United States Courthouse
515 Rusk Avenue, Houston, Texas 77002
All documents in this case are available free of charge on the website of the Debtors' notice and claims agent at http://dm.epiq11.com/Carboceramics

Hours open    Monday-Friday 8:00 am - 5:00 pm

Contact phone    713-250-5500

---

**6. Meeting of creditors**

The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so.

_____ at _____
Date                      Time

The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.

Location:

---

**7. Proof of claim deadline**

**Deadline for filing proof of claim:**

[Not yet set. If a deadline is set, the court will send you another notice.] or

[date, if set by the court)]

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.

Your claim will be allowed in the amount scheduled unless:

- your claim is designated as *disputed*, *contingent*, or *unliquidated*;
- you file a proof of claim in a different amount; or
- you receive another notice.

If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

---

**8. Exception to discharge deadline**

The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline.

If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.

**Deadline for filing the complaint:**    _____

---

**9. Creditors with a foreign address**

If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case.

---

**10. Filing a Chapter 11 bankruptcy case**

Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business.

---

**11. Discharge of debts**

Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline.

---

**Schedule 1**

**List of Entities**

| Debtor | Address | Case No. | EIN # |
|---|---|---|---|
| CARBO Ceramics Inc. | 575 N. Dairy Ashford Road, Suite 300, Houston ,TX 77079 | 20-31973 | 72-1100013 |
| Asset Guard Products Inc. f/k/a Falcon Technologies and Services, Inc. | 575 N. Dairy Ashford Road, Suite 300, Houston ,TX 77079 | 20-31974 | 27-0996422 |
| StrataGen, Inc | 575 N. Dairy Ashford Road, Suite 300, Houston ,TX 77079 | 20-31975 | 94-3165205 |