IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CARBO CERAMICS INC., *et al.*[1] | § § | Case No. 20-31973 (MI) |
| Debtors. | § § § | (Jointly Administered) |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING BAR DATES AND PROCEDURES AND (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

The Official Committee of Unsecured Creditors ("Committee") of CARBO Ceramics Inc. and its related debtors and debtors in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases") file this limited objection (the "Limited Objection") to the *Emergency Motion of Debtors for Entry of an Order (I) Establishing Bar Dates and Procedures and (II) Approving the Form and Manner of Notice Thereof* [Docket No. 98] ("Bar Date Motion"). In support of this Limited Objection, the Committee respectfully represents as follows:[2]

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2) and 1334. A proceeding to consider and grant the relief the Committee request herein is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: CARBO Ceramics Inc. ("CARBO") (0013); StrataGen, Inc. ("StrataGen") (5205); and Asset Guard Products Inc. ("Asset Guard") (6422). The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is: 575 N. Dairy Ashford Road, Suite 300, Houston, Texas 77079.

[2] Terms not defined herein bear their definition under title 11 of the United States Bankruptcy Code.

4824-1271-1354.2

3.      The statutory bases for the relief sought herein are sections 105, 1125, 1126, and 1128 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), rule 2002, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), 3003-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules"), and procedure H of the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "Complex Case Procedures").

**BACKGROUND**

4.      The Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on March 29, 2020 (the "Petition Date").  The Debtors operate their businesses and manage their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, no request for the appointment of a trustee or examiner has been made.

5.      The Court held a hearing on the first day motions on March 30, 2020 before appointment of the Committee.

6.      On April 8, 2020, the Debtors filed the Bar Date Motion.  In the Bar Date Motion, the Debtors propose a general bar date of May 29, 2020 for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts, but not governmental units) to file a proof of claim as to a prepetition claim, including secured claims, unsecured priority claims, unsecured non-priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code. (the "General Bar Date").

7.       On April 14, 2020, the United States Trustee for the Southern District of Texas appointed the Committee in these chapter 11 cases (Dkt. No. 113).

## **LIMITED OBJECTION**

### I.   The General Bar Date Should Be Extended To Not Disenfranchise Creditors

8.   Bar dates serve a critical and fundamental purpose in bankruptcy. Indeed, this Court's Complex Case Procedures sets bar dates automatically after the Petition Date:

> [u]nless a different date is subsequently ordered by the Court, the bar date for the filling of proofs of claim and proofs of interest is (i) 180 days after the Petition Date for governmental units; and (ii) for all other entities, 90 days after the first day set for the meeting of creditors under 11 U.S.C. § 341(a).

Complex Case Procedures ¶ H.16. Bankruptcy Rule 3003(c)(3) allows the court to "fix and for cause shown may extend the time within which proofs of clam or interest may be filed." FED. R. BANKR. P. 3003(c)(3).

9.   The Debtors propose a General Bar Date of May 29, 2020, a date that is far shorter than the bar date automatically set by the Court's Complex Case Procedures.

10.   The Committee objects to the Debtors' proposed General Bar Date and requests that the Court extend the Debtors' proposed General Bar Date for thirty days to June 28, 2020—a reasonable date that aligns with the ninety-day deadline under the Complex Case Procedures.

11.   The unprecedented strain and delay imposed by the emergent COVID-19 ("COVID") pandemic warrants an extension to the Debtors' proposed General Bar Date.  Due to restrictions and stay-at-home orders triggered by COVID, many creditors have furloughed workers and are not operating at complete capacity.  As such, numerous creditors may experience delays in reviewing mail and evaluating their potential claim against the Debtors, resulting in an unintentional failure to file a proof of claim by the proposed General Bar Date.  These creditors should not be disenfranchised of their rights to share in recoveries in these Chapter 11 Cases because the Debtors seek an arbitrary and unnecessarily quick General Bar Date.  Creditors in these Chapter 11 Cases should have the benefit of sufficient time to receive the Bar Date Notice

Packages (as defined in the Bar Date Motion), analyze potential claims against the Debtors, engage counsel (if necessary), and submit a proof of claim. Extending the General Bar Date by 30 days provides that time under these circumstances.

12. Additionally, the Debtors' current proposed General Bar Date is unreasonable because Debtors have yet to file their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules")—particularly when the Debtors stated they would file the Schedules by April 21, 2020. *See* Bar Date Motion, ¶ 8. These documents are critical for creditors to understand whether they even need to file a proof of claim based on the procedures set forth in the Bar Date Motion and the Bar Date Notice Packages. Given that the Debtors have not filed their Schedules and that they serve a crucial role in aiding creditors in assessing and filing proofs of claims, the Court should extend the General Bar Date to accommodate creditors in assessing their claims.

13. Creditors should have the necessary time to file a proof of claim in these Chapter 11 Cases. The Debtors' need to move these cases as quickly as possible should not disenfranchise creditors' rights to do so—particularly in these unique circumstances. Therefore, the Court should extend the General Bar Date to June 28, 2020.

**WHEREFORE**, the Committee requests that the Court (i) deny the Debtors' Proposed General Bar Date, (ii) extend the General Bar Date by at least thirty days to June 28, 2020, and (iii) provide the Committee such other and further relief as the Court may deem just, proper, and equitable.

Dated:  April 22, 2020

Respectfully submitted,

**FOLEY & LARDNER LLP**

*/s/Michael K. Riordan*
Michael K. Riordan
State Bar No. 24070502
1000 Louisiana, Suite 2000
Houston, Texas 77002-5011
Telephone: 713-276-5727
Email: mriordan@foley.com

-and-

Holland N. O'Neil
State Bar No. 14864700
Telephone: 214-999-4961
Email: honeil@foley.com
Marcus Helt
State Bar No. 24052187
Telephone: 214-999-4526
Email: mhelt@foley.com
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201

**PROPOSED COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

## CERTIFICATE OF SERVICE

I hereby certify that, on the April 22, 2020, the foregoing document was served on all parties consenting to electronic service pursuant to the *Electronic Case Management System* of the United States Bankruptcy Court for the Southern District of Texas.

*/s Michael K. Riordan*
Michael K. Riordan

4824-1271-1354.2