IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** § | Case No. 20-31973 (MI) |
| § | |
| **CARBO CERAMICS INC.,** *et al.***,** § | (Chapter 11) |
| § | |
| § | (Jointly Administered) |
| **Debtors.**[1] § | |

## STIPULATED PROTECTIVE ORDER

This Stipulation and Protective Order (the "*Order*"), dated May 1, 2020 is entered by and among: (a) the above-captioned debtors and debtors in possession (collectively, the "*Debtors*"); (b) the official committee of unsecured creditors (the "*Committee*"); (c) Chris Kappos III; and (d) Wilks Brothers, LLC and Equify Financial, LLC (the "*Lenders*"). Each of the persons or entities identified in the foregoing clauses shall be referred to herein individually as a "*Party*," and, collectively, as the "*Parties*." Any person or entity who hereinafter becomes bound by this Order shall become a Party.

## RECITALS

**WHEREAS**, on March 29, 2020 (the "*Petition Date*"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") with the United States Bankruptcy Court for the Southern District of Texas (the "*Court*");

**WHEREAS**, the Debtors are operating their businesses and managing their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code;

---

[1] The Debtors in these bankruptcy cases and the last four digits of their respective federal tax identification numbers are: CARBO Ceramics Inc. (0013); StrataGen, Inc. (5205); and Asset Guard Product Inc. (6422). The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is: 575 N. Dairy Ashford Road, Suite 300, Houston, Texas 77079.

1

**WHEREAS,** in connection with these bankruptcy cases, the Debtors and the other Parties to this Order intend, pursuant to formal or informal requests from other Parties, to produce documents and information, and, if necessary, make witnesses available for testimony;

**NOW, THEREFORE**, to facilitate the efficient resolution of disputes over confidentiality, and to protect Discovery Material (as defined below) that merits being maintained as confidential, it is hereby stipulated and agreed, and upon Court approval, it is hereby ORDERED that the following terms will govern any requests for and production of Discovery Material (as defined below):

## SCOPE OF ORDER

1. This Order shall govern the production and exchange of all documents, deposition testimony, deposition exhibits, interrogatories, expert reports, and other information produced in these bankruptcy cases by and among the Parties and non-Parties ("*Discovery Material*").

## DESIGNATING DISCOVERY MATERIAL CONFIDENTIAL

2. Any Party or non-Party may designate Discovery Material as "Confidential Material," "Confidential Material – FOS," or "Confidential – Professionals' Eyes Only Material" (such party, a "*Designating Party*" and such material, collectively "*Designated Material*") in accordance with the following provisions:

   a. Confidential Material: Any Party or non-Party that produces Discovery Material (each a "*Producing Party*") to another Party or non-Party (each a "*Receiving Party*") may designate Discovery Material as "Confidential" (hereinafter "*Confidential Material*") if the Producing Party reasonably believes that such Discovery Material constitutes or contains nonpublic business or financial information of a nature that should be protected under the Bankruptcy Rules or the Federal Rules.

    b. Confidential Material – File Under Seal: A Producing Party may designate Discovery Material as "Confidential – FOS" (hereinafter "**Confidential Material – FOS**") if the Producing Party reasonably and in good faith believes that such Discovery Material constitutes or contains nonpublic proprietary or confidential technical, competitive, personal, or other information that should not or cannot be publicly disclosed or is currently the subject of non-disclosure agreements.

    c. Confidential – Professionals' Eyes Only Material: A Producing Party may designate Discovery Material as "Confidential – Professionals' Eyes Only" (hereinafter "**Confidential - Professionals' Eyes Only Material**") if the Producing Party reasonably believes (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material is of such a nature that a risk of competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 9 of this Order, such as trade secrets, and only to the extent that the Producing Party reasonably believes that such material is of such a nature that "Professionals' Eyes Only" treatment is warranted.

    3. Any documents or other tangible materials (apart from depositions or other pretrial testimony) designated as Confidential Material, Confidential Material – FOS, or Confidential - Professionals' Eyes Only Material shall be so designated by including the legend "Confidential," "Confidential – FOS," or "Confidential – Professionals' Eyes Only" at the time of first production on the first page of a document containing any Designated Material, and each subsequent page containing any Designated Material. If documents or other information or materials are produced in a form which does not allow for the inclusion of a confidentiality legend (*e.g.*, native form),

these documents or other information or materials may be designated as Confidential Material, Confidential Material – FOS, or Confidential – Professionals' Eyes' Only Material by any other reasonable means, including, but not limited to, providing the Receiving Party with express notice that the documents or other information or materials are to be treated as Confidential Material, Confidential Material – FOS, or Confidential – Professionals' Eyes Only Material. Inadvertent failure to designate materials as Confidential Material, Confidential Material – FOS, or Confidential – Professionals' Eyes Only Material at the time of production may be remedied by the Designating Party by supplemental written notice and copies of properly marked documents. In addition, any Party may designate Discovery Material as Confidential Material, Confidential Material – FOS, or Confidential - Professionals' Eyes Only Material if in good faith it believes that such Discovery Material constitutes Confidential Material, Confidential Material – FOS, or Confidential – Professionals' Eyes Only Material by written notice to the other Parties and copies of properly marked documents. Upon receipt of either such notice, all Discovery Materials so designated shall be fully subject to this Order. Inadvertent designation of Discovery Materials as Designated Materials shall be remedied upon request by counsel.

4. Notwithstanding anything to the contrary set forth in this Order, Confidential Material, Confidential Material – FOS, and Confidential - Professionals' Eyes Only Material shall not include any information which:

    a. at the time of the production hereunder is publicly available; or

    b. after production hereunder becomes available to the public through no act by the Party receiving such information; or

    c. the Receiving Party can show (a) was already known to the Receiving Party; (b) was independently developed by the Receiving Party; or (c) has been

disclosed to the Receiving Party outside of these bankruptcy cases by a person having the right to make non-confidential disclosure.

5. Nothing in this Order shall constitute agreement that any Discovery Material designated as Confidential Material, Confidential Material – FOS, or Professionals' Eyes Only Material is properly designated as such.

6. If a Receiving Party objects to the designation of any Discovery Material as Confidential Material, Confidential Material – FOS, or Confidential – Professionals' Eyes Only Material, the Party shall state the objection by electronic mail to counsel for the Designating Party, and, if the Designating Party is not the Producing Party, to the Producing Party. The parties shall attempt to resolve the dispute through meeting and conferring in a timely manner. In the absence of a resolution, the Receiving Party may on reasonable notice under the circumstances to the Designating Party and, if the Designating Party is not the Producing Party, to the Producing Party, move the Court for an order or determination with respect to the confidentiality of the challenged Designated Materials. The burden of persuasion as to the confidentiality of the Discovery Material in question shall rest with the Designating Party. The Discovery Materials shall continue to be deemed Confidential Material, Confidential Material – FOS, or Confidential - Professionals' Eyes Only Material under the terms of this Order until the Court makes a contrary determination regarding the confidentiality of such challenged Designated Materials or the Designating Party agrees either in writing or by electronic transmission to modify or withdraw the designation.

**USE AND DISCLOSURE OF CONFIDENTIAL MATERIAL, CONFIDENTIAL MATERIAL – FOS, OR CONFIDENTIAL - PROFESSIONALS' EYES ONLY MATERIAL**

7. Confidential Material, Confidential Material – FOS, and Confidential - Professionals' Eyes Only Material shall not be disclosed except as permitted by the terms of this

Order or subsequent Order of the Court. Except as otherwise provided in this Order or allowed by the Court, Discovery Material may be used by the Receiving Party solely in connection with these bankruptcy cases, including in any adversary or contested proceeding that arises during the pendency of the cases, and post-confirmation of any plan confirmed in these bankruptcy cases by a litigation trust or liquidation trust for purposes of pursuing estate claims and causes of action.

8. Confidential Material and Confidential Material – FOS: Confidential Material and Confidential Material – FOS shall be given, shown, made available to, or communicated only to the following:

    a. Parties, including their respective members, managers, partners, directors, officers, employees, and agents who are assisting in connection with these bankruptcy cases; and

    b. Any other person specified in paragraph 9 below.

9. Confidential - Professionals' Eyes Only Material: Confidential - Professionals' Eyes Only Material shall be given, shown, made available to or communicated only to the following:

    a. Outside counsel and inside counsel to the Parties who are assisting in connection with these bankruptcy cases, including any paralegal, secretarial, and other staff utilized by such counsel, and any outside vendors involved in the production, reproduction, organization, filing, coding, cataloging, converting, storing, retrieving and review of Discovery Material and/or pursuit, collection, or enforcement of any claims or judgments;

      b.   Industry advisors, financial advisors, experts, and consultants retained by the Parties in connection with the bankruptcy cases, as well as any clerical, paralegal, secretarial, and other staff employed by such persons;

      c.   The U.S. Trustee;

      d.   Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

      e.   Court reporters, stenographers, videographers, and other persons engaged to take down and transcribe depositions and maintain exhibits in any proceeding in which Confidential - Professionals' Eyes Only Material is used;

      f.   the Court and its support personnel, if filed under seal; and

      g.   Any other person or entity with respect to whom the Designating Party may consent in writing.

10.    Except as provided by order of the Court, before disclosing to any person except those set forth in subparagraphs 9 (a), (c), (e) and (f), the Receiving Party shall provide to the person receiving disclosure a copy of this Order and require such person to confirm their understanding and agreement to abide by the terms of this Order by signing a copy of Exhibit A hereto (the "*Declaration*"), which copy shall be immediately sent to and maintained by counsel for the disclosing Party. For persons set forth in subparagraph 9(b), the execution of the Declaration on behalf of an entity employing one or more such covered persons shall confirm the understanding and agreement of all such individuals employed by that entity. Clerical, paralegal and secretarial and other staff, including outside vendors involved in the production, reproduction,

organization, filing, coding, cataloging, converting, storing, retrieving and review of Discovery Material, shall be deemed to be subject to this Order by virtue of their employment with any professional firm bound by this Order.

11. The Court's approval and entry of an order approving this Order shall constitute authority for the Parties to file Confidential Material - FOS or Confidential - Professionals' Eyes Only Material under seal without the necessity of filing a separate motion. Unless otherwise agreed by the Producing Party, all Confidential Material – FOS and Confidential - Professionals' Eyes Only Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose Confidential Material – FOS or Confidential – Professionals' Eyes Only Material, shall be filed under seal, except that a Party may, at its option, file redacted pleadings containing the Confidential Material - FOS or Confidential – Professionals' Eyes Only Material so long as such portions of the pleadings concerning the Confidential Material - FOS or Confidential – Professionals' Eyes Only Material have been redacted. The parties acknowledge that Discovery Material designated as Confidential Material may be publicly filed, if necessary, but Confidential Material should not be publicly filed unless necessary for purposes of the pleading to which it is attached, and, even after public filing, the Parties will continue to treat the Discovery Material as Confidential Material under this Order.

12. The Parties acknowledge that they are aware, and that they will advise any person to whom Confidential Material, Confidential Material – FOS, or Confidential - Professional Eyes' Only Material is shared or disclosed, that the United States securities laws prohibit any person who has received from an issuer material, non-public information from purchasing or selling securities of such issuer or from communicating such information to any other person under circumstances in which it is reasonably foreseeable that such person is likely to purchase or sell such securities.

The Parties acknowledge that Confidential Material, Confidential Material – FOS, and/or Confidential – Professionals' Eyes Only Material subject to this Order may, or may not, constitute material, non-public information.

13. This Order has no effect upon a Party's use of its own Confidential Material, Confidential Material – FOS, or Confidential - Professionals' Eyes Only Material for any purpose.

14. Nothing in this Order shall (i) prevent a Party from disclosing its own Confidential Material, Confidential Material – FOS, or Confidential - Professionals' Eyes Only Material or other information, or (ii) impose any restrictions on the use or disclosure by a Party of Discovery Materials designated as Confidential Material, Confidential Material – FOS, or Confidential - Professionals' Eyes Only Material that have been obtained lawfully by such Party independent of discovery in these bankruptcy cases and are not otherwise subject to confidentiality restrictions.

15. Entering into this Order, otherwise complying with the terms of the Order, and agreeing to produce or receive Designated Material shall not: (i) prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party in the context of any other litigation or proceeding that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Designated Material; (ii) prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order; (iii) prejudice in any way the rights of a Party to seek a determination by the Court whether any Discovery Material or Designated Material should be subject to any of the particular terms of this Order; (iv) prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly confidential

information; or (v) prevent the Parties from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material.

16. Nothing herein shall be construed to impose on any Party an obligation to violate a court order or directive regarding the production of Designated Material; thus, nothing herein shall prevent any person or entity who has received Confidential Material, Confidential Material – FOS, or Confidential- Professionals' Eyes Only Material pursuant to this Order from producing such material in response to a lawful subpoena or other compulsory process, but such production shall be limited to only the portion of any Confidential Material, Confidential Material – FOS, or Confidential - Professionals' Eyes Only Material that is required to comply with the lawful subpoena or other compulsory process, and any person or entity receiving such subpoena or process (i) shall as soon as reasonably practical give notice thereof to the Designating Party in a good faith effort to provide an opportunity prior to production of Confidential Material, Confidential Material – FOS, or Confidential - Professionals' Eyes Only Material to seek a protective order; and (ii) if application for a protective order is made promptly and before the return date, shall not produce such Confidential Material, Confidential Material – FOS, or Confidential - Professionals' Eyes Only Material prior to receiving a court order or the consent of the Designating Party unless otherwise required by law to do so.  In the event that production of such Confidential Material, Confidential Material – FOS, or Confidential - Professionals' Eyes Only Material is made notwithstanding such prompt application for a protective order, it shall continue to be treated as Confidential Material, Confidential Material – FOS, or Confidential - Professionals' Eyes Only Material by all persons and entities subject to this Order unless and until the Court shall order otherwise.

17. Any Party hereto may apply to the Court to modify this Order or seek an order permitting disclosure of Confidential Material, Confidential Material – FOS, or Confidential - Professionals' Eyes Only Material other than as provided herein.

18. Following the conclusion of these bankruptcy cases (including any related litigation or matters), including appeals, and upon the written request of any Party, all Parties will take all reasonable steps to either (i) destroy, which destruction shall be certified, or (ii) return to counsel for the Producing Party, all Confidential Material, Confidential Material – FOS, or Confidential - Professionals' Eyes Only Material and all copies thereof (including excerpts and summaries) within ninety (90) days, except that counsel may keep an office file of internal memoranda, discovery responses, pleadings, briefings, and deposition transcripts or exhibits notwithstanding that they contain Confidential Material, Confidential Material – FOS, or Confidential - Professionals' Eyes Only Material; provided, however, that to the extent the Designated Material exists in whole or in part on computer backup tapes, email archives, or otherwise not readily accessible media used for disaster recovery purposes, or is subject to legal hold or another legal preservation requirement, information from such media does not need to be restored for purposes of destroying or returning Confidential Material, Confidential Material – FOS, or Confidential - Professionals' Eyes Only Material to the Producing Party, but such retained information shall continue to be treated in accordance with this Order. All counsel shall also continue to maintain copies of any executed Declaration they obtain pursuant to this Order.

## DEPOSITIONS AND OTHER TESTIMONY

19. Any deposition or other testimony may be designated as Confidential Material, Confidential Material – FOS, or Confidential – Professionals' Eyes Only Material by stating orally on the record of the deposition or other testimony that certain information or testimony is Confidential Material, Confidential Material – FOS, or Confidential – Professionals' Eyes Only

11

Material or that the entire transcript is so designated, to the extent that the testimony given and/or exhibits marked contain Confidential Material, Confidential Material - FOS or Confidential - Professionals' Eyes Only Material as set forth in paragraph 3 above. If such designations are not made during the deposition or other testimony, they may be made by notice to all Parties in writing within 10 days of receipt of the transcript or draft thereof.

20. If, during a deposition, a Party or non-Party claims that a document being used in the deposition (e.g. marked as an exhibit, shown to the witness, or made the subject of examination) is subject to attorney-client privilege, work-product doctrine, and/or any other applicable privilege or immunity from disclosure, it may at its sole election allow the document to be used in the deposition without waiver of its claim of privilege or work-production protection. If any Party or non-Party asserting the claim of privilege or other basis for non-disclosure instructs the witness not to answer questions concerning the document, the Parties or non-Parties will then cooperate by promptly submitting the issue of the document's status to the Court.

## **GENERAL PROVISIONS**

21. Inadvertent disclosure of Discovery Material subject to any privilege or immunity from discovery shall not constitute a waiver of, or an estoppel as to, any claim of such privilege or protection either in connection with these bankruptcy cases or in any other state or federal proceeding. If a Producing Party asserts in writing that information it has produced is protected from discovery by any privilege or immunity, or that such information otherwise is protected from disclosure, any Party in possession thereof shall promptly return to the claiming Party or person that material as to which the claim has been made, and the Receiving Party shall not use such information for any purpose. A Receiving Party may move the Court for an order compelling production of Discovery Material that the Receiving Party believes is not protected from discovery by the attorney-client privilege or other privilege or protection; however, while such motion is

pending, the Discovery Material in question shall be treated as having been produced inadvertently, and such motion may not assert as a ground for compelling production the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Discovery Material that is the subject of such motion, unless the Court permits in camera review or otherwise requests review of the Discovery Material. Nothing in this Paragraph or in this Order waives or limits the protections afforded to the designating Parties by Federal Rule of Evidence 502 or Federal Rule of Civil Procedure 26(b)(5)(B).

22. The provisions of this Order shall survive the Debtors' emergence from bankruptcy for any retained Discovery Material. The Debtors' emergence from bankruptcy shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Discovery Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

23. This Order may be executed by the Parties in several counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same agreement. This agreement may be transmitted and/or signed by facsimile or PDF electronic mail transmission. The effectiveness of any such documents and signatures shall have the same force and effect as manually-signed originals and shall be binding on the Parties.

24. This Order may be supplemented upon execution by a Producing Party and any additional person (a "*Joinder Party*") of a Stipulation Supplementing Stipulated Order in the form of **Exhibit B** attached hereto. For the avoidance of doubt, the only parties required to sign the Stipulation Supplementing Stipulated Order are the Producing Party and the Joinder Party. Upon

execution of the Stipulation Supplementing Stipulated Order, the Joinder Party shall be bound by all of the terms of this Order.

25. Enforcement: The Provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

**THE FOREGOING STIPULATION IS SO ORDERED:**

Dated: \_\_\_, 2020
Houston, Texas

_____
**UNITED STATES BANKRUPTCY JUDGE**

**IT IS SO STIPULATED:**

**VINSON & ELKINS LLP**

By: */s/ Paul E. Heath*
    Paul E. Heath (TX 09355050)
    Matthew W. Moran (TX 24002642)
    Garrick C. Smith (TX 24088435)
    Matthew D. Struble (TX 24102544)
    Trammell Crow Center
    2001 Ross Avenue, Suite 3900
    Dallas, TX 75201
    Tel:  214.220.7700
    Fax:  214.999.7787
    pheath@velaw.com; mmoran@velaw.com;
    gsmith@velaw.com; mstruble@velaw.com

    -and-

    David S. Meyer (admitted *pro hac vice*)
    Michael A. Garza (admitted *pro hac vice*)
    The Grace Building
    1114 Avenue of the Americas
    New York, NY 10036-7708
    Tel:  212.237.0000
    Fax:  212.237.0100
    dmeyer@velaw.com; mgarza@velaw.com

**PROPOSED ATTORNEYS FOR THE DEBTORS**

**FOLEY & LARDNER LLP**

By:   */s/ Todd A. Murray*
     Michael K. Riordan
     State Bar No. 24070502
     1000 Louisiana, Suite 2000
     Houston, Texas 77002-5011
     Telephone: 713-276-5727
     Email: mriordan@foley.com

     -and-

     Holland N. O'Neil
     State Bar No. 14864700
     Telephone: 214-999-4961
     Email: honeil@foley.com
     Marcus Helt
     State Bar No. 24052187
     Telephone: 214-999-4526
     Email: mhelt@foley.com
     Todd A. Murray
     State Bar No. 00794350
     Telephone: 214-999-4862
     Email: tmurray@foley.com
     2021 McKinney Avenue, Suite 1600
     Dallas, Texas 75201

     **PROPOSED ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**AKERLY LAW PLLC**
**HABERBUSH, LLP**

By: */s/ David R. Haberbush*

    Bruce W. Akerly (TX 0953200)
    878 S. Denton Tap Road, Suite 100
    Coppell, Texas 75019
    Tel: 469.444.1864
    bakerly@akerlylaw.com

    -and-

    David R. Haberbush (admitted *pro hac vice*)
    444 West Ocean Blvd., Suite 1400
    Long Beach, California 90802
    Tel. No.: 562-435-3456
    dhaderbush@lbinsolvency.com

    **ATTORNEYS FOR CHRIS KAPPOS III**


**NORTON ROSE FULBRIGHT US LLP**

By: */s/ Nicholas J. Hendrix*
    Gregory M. Wilkes (TX 24047105)
    Scott P. Drake (TX 24026812)
    Nicholas J. Hendrix (TX 24087708)
    2200 Ross Avenue, Suite 3600
    Dallas, Texas 75201
    Tel:  214.855.8000
    Fax:  214.855.8200
    Greg.wilkes@nortonrosefulbright.com;
    scott.drake@norontrosefulbright.com;
    nick.hendrix@nortonrosefulbright.com

    **ATTORNEY FOR WILKS BROTHERS,**
    **LLC AND EQUIFY FINANCIAL, LLC**

**EXHIBIT A**

**DECLARATION**

I hereby certify:  (i) my understanding that Confidential Material, Confidential Material – FOS, and/or Confidential - Professionals' Eyes Only Material is being provided to me pursuant to the terms and restrictions of the May 1, 2020 *Stipulated Protective Order* between the Debtors[1], the Committee, Chris Kappos III, and the Lenders (the "***Order***") and (ii) that I have read the Stipulated Protective Order (the "***Order***") and am now a party ("***Party***") to the Order.

I understand that Confidential Material, Confidential Material – FOS, and/or Confidential – Professionals' Eyes Only Material may include non-public information regarding an issuer of securities. I understand and acknowledge that the United States securities laws prohibit any person who has received from an issuer material, non-public information from purchasing or selling securities of such issuer or from communicating such information to any other person under circumstances in which it is reasonably foreseeable that such person is likely to purchase or sell such securities

I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby agree and consent to submit to the exclusive personal jurisdiction of and venue in the United States Bankruptcy Court for the Southern District of Texas in connection with any proceeding arising out of or brought to enforce any provision of the Order, and I agree not to attempt to deny or defeat the laying of venue or exercise of jurisdiction by such court in connection with any such proceeding.  I understand that any violation of the terms of the Order is punishable by relief deemed appropriate by the Court.

Date:  _____          Signature:          _____

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Order.

1

**EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 20-31973 (MI)** |
| | § | |
| **CARBO CERAMICS INC.,** *et al.*, | § | **(Chapter 11)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[3] | § | |

**STIPULATION SUPPLEMENTING**
**STIPULATED PROTECTIVE ORDER**

THE PARTIES HERETO STIPULATE AND AGREE, pursuant to Paragraph 24 of the Stipulation and Protective Order dated May 1, 2020 [Docket No. _____], the ("*Order*") as follows:

1. This supplemental stipulation is effective as of the date hereof.

2. Notwithstanding anything to the contrary in the Order, the undersigned new party (the "*Joinder Party*") is hereby deemed a Party to the Order and is bound by all of the terms of the Order.

3. This supplemental stipulation may be executed in any number of counterparts, each of which, when so executed, shall be deemed an original, but all such counterparts shall constitute one and the same agreement. Copies of this supplemental stipulation or counterparts may be used for any purpose as an original. Signature pages delivered by

---

[3] The Debtors in these bankruptcy cases and the last four digits of their respective federal tax identification numbers are: CARBO Ceramics Inc. (0013); StrataGen, Inc. (5205); and Asset Guard Product Inc. (6422). The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is: 575 N. Dairy Ashford Road, Suite 300, Houston, Texas 77079.

facsimile or via electronic mail in portable document format (.pdf) shall be deemed an original.

4. This Court shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this stipulation.

**SO STIPULATED AND AGREED TO:**

Dated: [XX], [XXXX]


[Signature Blocks for Existing Parties]

[Signature Block for Joinder Party]

US 7057508